UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| ELAINE BROWN, | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | 1:09-cr-00030-GZS-2 |
| | ) | 1:13-cv-00021-GZS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**Order to Show Cause**

Movant Elaine Brown has filed a motion pursuant to 28 U.S.C. § 2255 claiming four separate grounds that allegedly support her claim that the judgment of conviction entered against her should be vacated. Brown filed her motion using the form motion to vacate provided by the Court. Her four "grounds" consist of the following supporting facts, with little additional information provided:

1.) There exists no evidence or records of any purchase of supplies for explosive devices, gun powder, pipe caps, firing pins, other pins, springs, etc., by Elaine Brown, or that she had any knowledge or experience of such; or that Elaine Brown pointed or shot a gun at anyone.

2.) Records show that Daniel Riley, Jason Gerhard, and Cerino Gonzales each purchased guns, which included a Colt handgun and a Glock handgun.

3.) Request to suppress allegations that Elaine Brown 10b, 10d, 10g, 10t, 10u, 10v, 10bb, 10cc, 10hh, 10ii, 10jj, 10kk. Elaine Brown was a role player, no merits to charges.

4.) 34-A Edward Brown testified at trial that Elaine Brown had nothing to do with any of the weapons.
37-A No evidence exists that she assembled bombs, pipes, booby traps, made devices, firing pins.
40-A Over rated total of case.

> Elaine Brown's mental evaluation was never done to proceed with trial or at this time.
> Challenging criminal history and category.

After setting forth these "supporting facts" under each ground, Brown states, "[a]ttorney did not address this issue."

By way of background, in April 2006, Edward and Elaine Brown were indicted by a federal grand jury on charges relating to their failure to pay federal income tax. The Browns were tried and in January 2007 they were both convicted of conspiracy, federal tax crimes, and other financial crimes and were sentenced to just over five years in prison. Neither Brown attended the sentencing, nor did they surrender to federal authorities.

Instead the Browns and additional supporters became involved in a nine-month stand-off at the Browns' New Hampshire residence resulting in the Browns ultimately being charged with: (1) conspiring to prevent federal officers from discharging their duties under 18 U.S.C. § 372; (2) conspiring to assault, resist or impede federal officers under 18 U.S.C. §§ 111(a) and (b) and 371; (3) using or carrying a firearm or destructive device during and in relation to a crime of violence, and possessing a firearm or destructive device in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A) and (B); (4) being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1); (5) obstruction of justice under 18 U.S.C. § 1503; and (6) failing to appear at sentencing under 18 U.S.C. § 3146. Elaine Brown was sentenced to an additional 35 years in prison. A direct appeal followed. See United States v. Elaine Brown, 669 F.3d 10 (1st Cir. 2012). Elaine Brown has now filed this timely Section 2255 motion seeking to vacate those convictions.

The burden is on the petitioner to make out a case for section 2255 relief.  <u>Mack v. United States</u>, 635 F.2d 20, 26-27 (1st Cir. 1980).  Rule 4(b) of the Rules Governing Section 2255 Proceedings contemplates an initial prompt review by the Court and "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief, the judge must dismiss the motion."  Only if the motion is not dismissed after initial review will the United States be ordered to answer the petition.  If that came to pass, then after review of all submissions I would ultimately be tasked with making a recommendation to the trial judge regarding whether or not Brown is entitled to Section 2255 relief.  Brown cannot file a second or successive petition in this court without obtaining permission from the Court of Appeals, 28 U.S.C. § 2255(h), so she must present all available arguments in this timely first petition.

Given the sparse nature of the allegations that Brown has made, at this juncture it would be impossible for the United States to attempt to fashion a cogent answer or for me to formulate any recommendation other than for summary dismissal of the petition because it plainly appears she is not entitled to relief.  If Brown is intending to assert one or more claims of ineffective assistance of counsel, she has provided no factual context for such claims.  If she contemplates other grounds, I am unable to identify what those grounds might be other than a broad based sufficiency of the evidence argument that is plainly rebutted by the trial transcript and appeals court decision.  If Brown believes she has some basis for relief, she must file an amended petition, signed under penalty of perjury, that explains what those grounds are and what the supporting facts are. Gauzy generalities and conclusory assertions, *i.e.*, "challenging criminal history and category" simply do not meet the burden that is on the petitioner.

Therefore, unless Elaine Brown files an amended petition that contains sufficient grounds and factual allegations to show cause why the United States should be ordered to answer the petition, this petition shall be subject to summary dismissal following initial review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.  If the Court does not receive a supplemental pleading by February 19, 2013, I will recommend to the trial judge that he dismiss the petition following initial review.

*So Ordered.*

January 17, 2013                                             /s/ Margaret J. Kravchuk
                                                             U.S. Magistrate Judge