**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District New Hampshire | |
|---|---|---|
| Name (under which you were convicted): Elaine Brown | | Docket or Case No.: 09-CR-30-GZS-01 |
| Place of Confinement: SFF-Hazelton | | Prisoner No.: 03924-049 |
| UNITED STATES OF AMERICA v. | Elaine Brown | Movant (include name under which you were convicted) |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   District Court of New Hampshire
   55 Pleasant St.
   Concord, NH 03301

   (b) Criminal docket or case number (if you know): 09-CR-30-GZS-01

2. (a) Date of the judgment of conviction (if you know): July, 2009

   (b) Date of sentencing: October 2, 2009

3. Length of sentence: 35 years

4. Nature of crime (all counts):
   1. Conspiracy to prevent officers of the US from discharging their duties
   2. Conspiracy to commit offense against the US
   4. Carrying & possessing a firearm in connection with a crime of violence
   6. Felon in possession
   8. Obstruction of justice
   11. Failure to appear for sentencing

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
   or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ❑     No X❑

8. Did you appeal from the judgment of conviction?     Yes X❑     No ❑

9. If you did appeal, answer the following:

   (a) Name of court: First Circuit Court of Appeals

   (b) Docket or case number (if you know):

   (c) Result: denied

   (d) Date of result (if you know): January 19, 2012

   (e) Citation to the case (if you know):

   (f) Grounds raised: 941(c)?

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes X❑     No ❑

       If "Yes," answer the following:

       (1) Docket or case number (if you know):

       (2) Result: denied

       (3) Date of result (if you know):     May 12, 2012

       (4) Citation to the case (if you know):

       (5) Grounds raised:

           don't know

10. Other than the direct appeals listed above, have you previously filed any other motions,
    petitions, or applications concerning this judgment of conviction in any court?

    Yes ❑     No X❑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?     Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?     Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1)  First petition:      Yes ❑   No ❑

(2)  Second petition:   Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Incorrect guideline used according to 18 USC §3582(c)(2); §4A1.1, 4.A1.2(d). 2 points assigned for category assignment. Defense attorney raised issues of inadequate assignment of category in sentencing guideline to the court, yet court never justified, explained, or validated such assignment; it was merely overlooked by court, according to §3553; (2).

\* See Addendum I at end of 2255.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Attorney did not address this issue, therefore, the court was unaware of this issue.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On count #4 and #6, no evidence presented or substantiated according to sentencing minutes, yet defendant was convicted and sentenced on each count. Records show Riley, Gerhard, Gonzales each purchased hand guns, and not the defendant, Elaine Brown.

* See Addendum I at end of 2255.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Attorney did not address this issue, and therefore, the court was unaware of its presence.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

## GROUND THREE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendant was in possession of firearm, however, defendant clearly according to testimony of U.S. Marshals, and sentencing minutes, along with trial minutes, was NOT in possession of gun with obliterated serial number, yet was sentenced on this, and was given increased level of sentencing guideline due to this fact, which was clearly made in error.

\* See Addendum I at end of 2255.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Attorney did not raise this issue, therefore, the court was unaware of its presence.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
On prior appeal §1550 harmful error was made on count #4, where sentence was run consecutive it IS necessary to consider questions raised with respect to other counts, if one count is sustained.

\*    See Addendum I at end of 2255.

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑ No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

Attorney did not address this issue, therefore court was unaware of its presence.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑ No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

See Addendum I at end of 2255, by attorneys' failure to present such facts at trial and at sentencing, creates an error in category of sentence and conviction.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ☐   No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:       Bjorn Lange, Fed.Public Defender
                                  Ralph Pill Bldg.
                                  Bridge St., Concord, NH  03301

(b) At arraignment and plea:

                                  same
(c) At trial:

                                  same

(d) At sentencing:

                                  same

(e) On appeal: Leslie Feldman-Rumpler
101 Tremont St., Suite 708
Boston, MA 02108
(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

```
Appeal filed, denied January 19, 2012
Motion for cert filed to Supreme Court, denied May 12, 2012
```

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

To have the court use scrutiny and adhere to the correct guidelines, and therefore amend and/or vacate current sentence.

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _2/13/2013_ (month, date, year).

Executed (signed) on _February 12 2013_ (date).

_Elaine Braun_
_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

ADDENDUM I

I.   In Apprendi v New Jersey (2000) 530 US 466, 147 L.Ed 2d 435, 120 S Ct 2348,
which involved a state criminal statute, the United States Supreme Court held
that the Federal Constitution requires that any fact (other than a prior con-
viction) which is necessary to support a sentence exceeding the maximum authorized
by the facts established by a plea of guilty or a jury verdict must be admitted
by the defendant or proved to a jury beyond a reasonable doubt ( there was no
facts presented, conviction was based on assumption; therefore creating a great
amount of reasonable doubt). Subsequently, in Blakely v Washington (2004) 542
US 296, 159 L Ed 2d 403, 124 S Ct 2531, which involved state criminal statutes,
the court held, pursuant to the Constitution's Sixth Amendment right to a jury
trial, that other than the fact of a prior conviction, any fact tht increases
the prnalty for a crime beyond the prescribed statutory maximum must be submitted
to a jury and proved beyond a reasonable doubt.

II.   The proper remedy was to (a) hold unconstitutional two of the Act's provi-
sions, 18 USCS §3553(b)(1), which made the Guidelines mandatory, and 18 USCS
§3742(e), which depended on the Guidelines' mandatory nature, (b) sever these
two provisions, and (c) excise them. The proper remedy for conflict between
the Guidelines and the Sixth Amendment was to hold unconstitutional two Federal
Sentencing Act provisions - §3553(b)(1), which made the Guidelines mandatory,
and § 3742(e), which depended on the Guidelines' mandatory nature to sever these
guidelines in sentencing provisions. So modified, the Act made the Guidelines
effectively advisory, as one of the Act's remaining provisions (18 USCS §3553
(a)) (a) required a sentencing court to consider Guideline ranges, but (b) per-
mitted the court to tailor the sentence in light of other statutory concerns.

III.   Constitutional Law §840.3 - criminal conviction - burden of proof
The Federal Constitution protects every criminal defendant against conviction
except upon proof beyond a reasonable doubt of every fact necessary to constitute
the crime with which the defendant is charged.

IV.   Appeal §1550 - harmless error - conviction on several counts - concurrent
sentences.
Where sentences on each count of an indictment run concurrently it is unnecessary
to consider questions raised with respect to other counts if one count must be
sustained. Whereas defendant's sentences were run consecutive, it is necessary

to consider questions raised with respect to other counts.

V.  §4A1.3 Departures Based on Inadequacy of Criminal History Category (Policy Statement)

(a)  UPWARD DEPARTURES - (1)  STANDARD FOR UPWARD DEPARTURE - If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.  ** There was no reliable information, other than present offense, and there was no criminal history to substantiate a Category III assignment. Assignment of Category III was based on mere ASSUMPTION by court that defendant would commit other crimes.  Assignment based on mere assumption is erroneous.

VI.  WRITTEN SPECIFICATION OF BASIS FOR DEPARTURE - In the case of an upward departure, the specific reasons why the applicable criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.  No specific reasons were given for an upward departure, other than the assumption made by the court that defendant would commit further crimes, despite NEVER being arrested or having any criminal background whatsoever.

VII.  §4A1.3 (background)

"Defendant with an extensive record of serious, assaultive conduct who had received what might now be considered extremely lenient treatment in the past might have the same criminal history category as a defendant who had a record of less serious conduct.  This policy statement authorized the cconsideration of a departure from the guidelines in the limited circumstances where reliable information indicates that the criminal history category does NOT adequately reflect the seriousness of the defendant's criminal history or likelihood of recidivism, and provides guidance for the consideration of such departures. ** There is no history of criminal activity.

## POINTS OF FACTS AND NEGOTIATION

1. U.S. Attorney according to sentencingminutes, stated that defendant Elaine Brown purchased and financed supplies - however no evidence was ever submitted to substantiate such claim. However, evidence WAS submitted that other co-defendants had purchased weapons and supplies.

- Testimony of Edward Brown indicated that Elaine Brown had no knowledge of gathering of arms. Request to suppress based on lack of evidence.

- There are allegations of Elaine Brown being the master-mind, financial backer, etc., yet there are photos of Edward Brown and other co-defendants with guns and explosive devises, and not with Elaine Brown.

- All charges against Elaine Brown are inclusive to what Edward Brown is being charged with, not with individual involvement, despite lack of evidence to support charges and testimony of other co-defendants that Elaine Brown had nothing to do current charges,and acts of violence against the U.S. or with the possession and financing of such.

- According to the sentencingminutes, the U.S. Attorney contradicts statements made in stating that Elaine Brown pointed a gun at a U.S. Marshal, but then contradicts this further by stating that she had the gun in her hand, but down at her side. Therefore, contradiction and intention as indicated by U.S. Attorney to harm is therefore null and void.

- 7A - According to sentencing minutes court will not take into account this allegation at sentencing.

- 9A - According to sentencing minutes court and government state in sentencing minutes that they aren't disputing that Elaine Brown never put anyone at risk, therefore, at time of sentencing to sentence Elaine Brown due to risk presented is a contradiction and error made in sentencing guideline. Court says again that it won't take into account this issue, but that repeatedly states the reason/justification of such a harsh sentence is because of the danger that Elaine Brown and co-defendants put everyone in. Court stating they won't take this into consideration, yet is basing sentencing on such is merely an error, and is biased, prejudiced, and unjust.

- 11A - Tannerite - Edward Brown testified that Elaine Brown had nothing to do with it. Court states they "think" there's evidence but no actual or factual evidence was presented. "Assumption" is not convictable without evidence, court again states this will not be entered into computation of sentencing, yet at sentencing and according to transcript, the court does in fact consider and reference to count 11 as being a level 6, and that all counts are grouped together as a level 31. Again in stating on record that the court will not consider this at sentencing, but then considers such, is erroneous and creates an area of scrutiny that should be examined in this 2255 motion.

- 19A - Again co-defendant Riley gave no implication to Elaine Brown's involvement and of financing. Riley was granted a Rule 35.

- 23A - Court states and admits that no statements by U.S. Marshal A. Dorothy will be taken into account at sentencing.

-34A - Court states in sentencing minutes there is no evidence of contrary that will be taken into account at sentencing. Robert Wolffe, however, pled out.

-37A - Court accepts that Elaine Brown pointed a gun at someone, yet the sentencing minutes and the U.S. Attorney state otherwise. Court cannot make and accept an assumption based on personal belief versus factual evidence; therefore creating bias towards Elaine Brown at sentencing, and therefore imposing an improper sentence, and misrepresentation and misuse of sentencing guidelines.

- According to sentencing minutes the court states and accepts that law enforcement officials made no effort prior to June 6 to go on to the Brown's property. Had the government attempted to execute the warrant upon issuance in January when Edward Brown was alone unarmed, and no volatile situation was at that time present. However, the government waited until the situation and circumstances changed and became present ONLY after U.S. Marshals initiated unwarranted acts of aggressive demeanor by shooting at an unarmed visitor of the Brown's residence without reason or justification. * U.S. Marshals failed to execute warrant within 30 days of issuance thus creating unfair, ineffective, and speedy execution of warrant by waiting several months, in fact until after June 6, to attempt to serve justice.

- According to sentencing transcripts page 6, para. 1, court again states "I believe" by the court continuously stating "belief" doesn't constitute or justify grounds for conviction or consideration at sentencing. There must be present substantial evidence to result in conviction, and throughout trial, there was continuous testimony and evidence stating otherwise.

- 40A - Again, court states there is no evidence prior to October 4, 2007, no evidence that Elaine Brown, defendant, was in possession of explosives or again of any financing.

- Category III does over-state and inadequately represents the defendant's conduct when there is no evidence of prior conviction or criminal history, therefore misappropriation in sentencing guidelines according to 18 USC §3582 (c)(2), §4A1.1, 4A1.2.

- As stated on page 7 para 3, by defense attorney in sentencing minutes, a Category II sentencing guideline range is more adequate and useful in sentencing the defendant, Elaine Brown, on the grounds and basis of no criminal history/conduct, and according to 18 USC §3582(c)(2).

- On page 8 para 5 of sentencing minutes, U.S. Attorney states that the basis of the criminal history category is for the acts that were committed during the current time frame, which is ill represented, and are made in erroneous when criminal history category is calculated upon history. The use of category therefore is made in error by creating and utilizing a category III, which is in clear violation of the defendant's rights to receive and be sentenced with proper placement within the proper guidelines that validates her crime and justice.

- Again, according to the sentencing minutes on page 8, the court states they "think" the defendant did in fact commit such crimes, but again, no factual basis was presented.

- There is no basis whatsoever for the likelihood of the defendant to commit further crimes based on the fact that the defendant had no prior arrests or convictions. Again basing category placement of the defendant on mere assumption that she may commit another crime, is unjust, inaccurate, and in error.

- On page 9 para 1, the defendant's criminal history record is overstated, because there is no history, other than current offense.

- On page 11 para 1, there is evidence of a direct threat and acts of violence made by the U.S. Marshals that warranted defensiveness of Elaine Brown when they shot at the visitor at the Brown's property without warrant and justification.

- Government states that Elaine Brown, defendant, obtained Glock after June 6, shooting and tasering of Riley by U.S. Marshals - no evidence at all has been submitted to support this; the law requires the burden to be placed on the government to look into support and substantiate such evidence for assertion in order to have proof of validity for conviction.

- No crime was committed prior to indictment by defendant as to her right to legally obtain a permit to carry a gun. So, as for the U.S. Attorney to reference to this, and attempt to create a "false character" of said defendant according to page 12 para 1 of sentencing transcripts, is biased, irrelevant and unconstitutional when defendant was within her legal right.

- According to sentencing transcripts page 12 para 2, again the U.S. Attorney assumption of what is believable and unbelievable when there is no proof to dispute otherwise. Fact is defendant herself was under duress when Edward Brown cut off her EM bracelet, in fear of its monitoring capabilities.

- No evidence was presented throughout the trial that Elaine Brown was in actual possession of any bombs, devices, or explosives. Yet she was convicted. There was no basis for conviction; conviction could be based upon Pinkerton theory, yet the U.S. Attorney states there is no inference had been made, then how was conviction made when actual testimony indicated that all devices, mechanisma according to the U.S. Attorney did not have any of the defendant's prints on them. Clearly conviction based in this manner, and on this account was unjust and misguided, and therefore, led to faulty conviction.

- Again U.S. Attorney states in §3553(a) that defendant legally carried gun prior to arrest can't be considered as part of these sets of circumstances, yet was numerously and repeatedly referred to by the U.S. Attorney in an attempt to falsly establlsh Elaine Brown's character which was therefore made under false pretenses.

- Co-defendant Edward Brown stated in testimony that he had guns prior to
arrest in tax case, as he was an avid gun collector; so therefore relevency
on current circumstances is null and void.

- No attempt by U.S. Marshals to secure Edward Brown prior to June 6, when he
was alone.  Elaine Brown was not present until February 20, when volatile
situation was already created and  present prior to.

- Co-defendants came on their own to the Brown house on their own free will,
making decisions that were not influenced by anyone.  Elaine Brown, defendant,
simply treated them with hospitality in her home, as she would prior to such
situation.  Brown did not change/alter her demeanor or behavior in any way.

- J. Gerhard came to NH on his own free will, and came to do an interview for
the paper with Edward Brown, prior to Elaine Brown even returning to the home.
So for the U.S. Attorney to state the defendant was  influenced or coherced  by
the other defendant Elaine Brown, is infactual information and creates bias.

- J. Gerhard was not convicted under destructive devices but other defendants
were.  Being that all charges were inclusive to all defnedants, such deliverance
and ruling shall be applied to all.

- U.S. Attorney states that construction and possession of devices under
Pinkerton liability is the same as having the devices in hand.  However,
defense attorney raises the question that it is NOT; this issue is raised in
the sentencing minutes, and there is no evidence that actual possession was
made by the defendant or any involvement other than being present.  Defendant
was at son's home prior to her home in New Hampshire for weeks, while volatile
situation was present at the Brown's home.

- As to count 6 of a felon being in possession of a firearm, with a 360 month
mandatory sentence, under 18 USC §3147, with mention of a one-month increment
by court, however, defendant was covicted of such count and being in possession
of 8-24 firearms, in which she was not.  Defendant was also convicted and
sentenced of being in possession of a firearm with an obliterated serial number.
It is clear according to minutes and testimony of U.S. Attorney that this is in
error.  Defendant was in  possession of a firearm but not one with obliterated
serial number.  So sentencing on count 6 with a base level of 20, with an

increase of 4, and another increase of 4, due to the obliterated serial number, and another increase of 3 due to her actions on release to equal a levelof 33 for sentencing, is in error, and should be vacated, upon factual testimony at trial by U.S. Attorney and also in sentencing minutes.

- On page 30 of sentencing minutes U.S. Attorney states that Elaine Brown had a gun prior to 2006, in legal possession, so how can defendant necessarily be fully armed with intent to harm and with malice towards the U.S. Marshals? Defendant had no knowledge of indictment when she legally obtained and exercised her right to carry a gun.

- §840.3 - criminal conviction - burden of proof

- Criminal law §71 - good count as supporting conviction - nothing good or warrants the judgment; sentencing record does rebut presumption of jury and record stating ro concrete evidence in addition to sentencing and not running concurrent.

I declare (or certify, verify,or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 USC §2255 was placed in the prison mailing system on February 13, 2013.

Executed (signed) on _February 13, 2013_ (date).

_Cosmic Brown_

Signature of Movant