UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ELAINE BROWN )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>_____ ) | Cv. No.: 1:13-cv-21-GZS |

UNITED STATES' OBJECTION TO
DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

After her conviction for federal tax evasion, Elaine Brown and her husband resisted arrest by barricading themselves into their Plainfield, New Hampshire compound . The Browns stockpiled weapons and invited supporters to their property for a showdown with federal authorities that never occurred because the Browns were arrested after several United States Marshals infiltrated the Brown property posing as supporters.

Elaine Brown was subsequently convicted on six counts related to these events: (1) conspiring to prevent federal officers from performing their duties; (2) conspiring to assault or impeded federal officers; (3) using or carrying a firearm or destructive device during and in relation to a crime of violence or possessing a firearm or destructive device in furtherance of a crime of violence ("§ 924(c) offense"); (4) being a felon in possession of a firearm; (5) obstruction of justice; and (6) failing to appear at sentencing. She was sentenced to 35 years in prison.

Mrs. Brown appealed her conviction. In her direct appeal, Mrs. Brown raised arguments pertaining to various evidentiary rulings made at trial. She also argued that the jury instructions for the § 924(c) offense were erroneous and that she was improperly excluded from the district court's voir dire of the jury after a witness made an improper comment. The court of appeals

rejected all of these arguments and affirmed Mrs. Brown's conviction.  United States v. Brown, 669 F.3d 10 (1st Cir. 2012).  On May 21, 2012, the United States Supreme Court denied Mrs. Brown's petition for a writ of certiorari.  Brown v. United States, 132 S.Ct. 2448 (2012).

Mrs. Brown has now filed a timely motion under 28 U.S.C. § 2255 to vacate her sentence.  In her motion, Mrs. Brown makes three arguments: (1) the district court committed an error in applying the sentencing guidelines by miscalculating her criminal history; (2) the district court committed an error by sentencing her under § 924 (c) and for being a felon in possession of a firearm since there was no evidence on these counts; and (3) the district court erroneously increased the defendant's guideline range because it wrongly concluded that she possessed a gun with an obliterated serial number.[1]

Mrs. Brown failed to raise any of these arguments at trial or on direct appeal.  The claims therefore are procedurally defaulted.  "Collateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted [her] claim by failing to raise the claim in a timely manner at trial or on direct appeal."  Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011).  Mrs. Brown can only overcome a procedural default by showing (1) cause for the default and (2) that she would suffer actual prejudice from not excusing the default.  Id.

Mrs. Brown cannot meet the cause and prejudice standard for any of her three claims. Two of her claims are arguments that the district court misapplied the sentencing guidelines (i.e., the calculation of her criminal history and the enhancement for possessing a gun with an obliterated serial number.)  Claims such as these, alleging errors in the application of the sentencing guidelines are not cognizable under 28 U.S.C. § 2255 because they do not allege

---

[1] The defendant also notes that the errors alleged are not harmless because she received consecutive sentences so a change in any one count could affect the sentence on the other counts. This maybe so but, as discussed above, the defendant's substantive arguments all fail so there is no basis for reconsidering Mrs. Brown's sentence.

constitutional errors or errors that would otherwise result in a miscarriage of justice.  Knight v. United States, 37 F.3d 769, 773 (1st Cir. 1994).  Because these claims are not cognizable under § 2255, Mrs. Brown obviously does not suffer any actual prejudice by enforcing the procedural bar to prevent their consideration.  Mrs. Brown's remaining argument is that the district court wrongly sentenced her under § 924(c) and for being a felon in possession of a firearm because "no evidence" was presented on these counts.  This argument fails most fundamentally because it is simply untrue.

Mrs. Brown was in possession of a handgun at the time of her arrest.  Brown, 669 F.3d at 14.  Moreover, there was substantial evidence at trial that Mrs. Brown was a significant player in the conspiracy to thwart her arrest.  There was evidence that this conspiracy involved the use of guns, bombs and other weapons that Mrs. Brown knew were present on her property, even if she herself did not handle these weapons.  That evidence was enough to convict Mrs. Brown under a Pinkerton liability theory.  Indeed, Mrs. Brown admits as much in her addendum stating that her "conviction could be based upon Pinkerton theory."  She then goes on to state that her fingerprints were not found on any of the destructive devices.  But it is not clear what this has to do with the Pinkerton theory on which she could have been convicted.

In short, a § 2255 proceeding is not an opportunity for a defendant to retry a case in which she has been adjudged guilty.  Robertson v. United States, 144 F. Supp. 2d 58, 65 (D.R.I. 2001).  The defendant appears to be claiming that the jury was wrong in finding her guilty on certain counts and therefore the court should not have sentenced her for these counts.  The evidence here was certainly adequate for the jury to find the defendant guilty.  Accordingly,

there was no legal error and therefore there is no basis for disturbing the conviction and sentence in this case.  Thus, Mrs. Brown has failed to demonstrate actual prejudice on this claim as well.[2]

Because Mrs. Brown's claims are procedurally barred and she has not demonstrated actual prejudice, this Court should deny the defendant's motion under 28 U.S.C. § 2255.

Respectfully submitted,

Date:  April 29, 2013

JOHN P. KACAVAS

United States Attorney

/s/ Seth R. Aframe
Seth R. Aframe
Assistant U.S. Attorney
MA Bar #643288
U.S. Attorney's Office
53 Pleasant Street, 5th Floor
Concord, New Hampshire 03301-3904

CERTIFICATE OF SERVICE

I hereby certify that a copy of my Objection has been forwarded this date by first-class mail to the *pro se* petitioner, Elaine Brown #03924-049, Hazelton U.S. Penitentiary, Inmate Mail P.O. Box 3000, Bruceton Mills, WV 26525.

/s/ Seth R. Aframe
Seth R. Aframe, AUSA

---

[2] Mrs. Brown does not even suggest a reason for her procedural defaults of any of her claims and therefore the claims can also be disposed of on the "cause" aspect of the procedural default standard.