UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ELAINE BROWN, | ) |
| | ) |
|     Petitioner | ) |
| | ) |
| v. | ) 1:13-cv-00021-GZS |
| | ) 1:09-cr-00030-GZS |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent | ) |

**RECOMMENDED DECISION**

Elaine Brown, previously convicted on federal tax evasion charges, was subsequently arrested and convicted on six counts related to a barricaded standoff at her New Hampshire residence, orchestrated by her and her husband following their failure to appear at a scheduled sentencing hearing. Those six counts were: (1) conspiring to prevent federal officers from performing their duties; (2) conspiring to assault or impede federal officers; (3) using or carrying a firearm or destructive device during and in relation to a crime of violence or possessing a firearm or destructive device in furtherance of a crime of violence ("§ 924(c) offense"); (4) being a felon in possession of a firearm; (5) obstruction of justice; and (6) failing to appear at sentencing. The court imposed a 35-year term of imprisonment.

The court of appeals affirmed Elaine Brown's conviction. United States v. Brown, 669 F.3d 10 (1st Cir. 2012). In her direct appeal, Brown raised arguments pertaining to various evidentiary rulings made at trial, akin to reliance on the cumulative error doctrine. The court of appeals identified five separate claims of evidentiary errors and quickly rebuffed them all. Id. at 21-29. Brown also argued that the jury instructions and verdict form for the § 924(c) offense were erroneous. Although the court of appeals found certain language used by the trial court "troubling," it did not find that there was reversible error. Id. at 29. Finally, Brown argued that she was improperly excluded from the district court's in-chambers questioning of certain members of the jury

after a witness made a comment as an aside as he left the witness stand. Id. at 31-33. The court of appeals found that neither Brown's right to a public trial nor her right to be present at trial had been violated. On May 21, 2012, the United States Supreme Court denied Elaine Brown's petition for a writ of certiorari. Brown v. United States, 132 S. Ct. 2448 (2012).

Brown has now filed a timely motion under 28 U.S.C. § 2255, seeking to vacate her conviction. She raises four grounds in her amended motion (ECF No. 8), none of which includes a claim of ineffective assistance of counsel. Instead, Brown claims the following: (1) the sentencing judge erred in his guidelines calculations regarding her criminal history category; (2) insufficient evidence was adduced to sustain her convictions on counts four and six relating to possession of firearms charges; (3) the sentencing judge erred in his finding that she possessed a gun with an obliterated serial number, which fact was used to enhance her sentence; and (4) the sentencing judge erred by imposing consecutive sentences. I now conclude that Brown is not entitled to relief under § 2255 and I recommend the court deny the petition.

## DISCUSSION

### A.    Grounds One and Three – Claims of Sentencing Error

"Collateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted [her] claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011). Brown did not raise these claimed sentencing errors on direct appeal and now she can only overcome the resulting procedural default by showing (1) cause for the default and (2) that she would suffer actual prejudice from not excusing the default. Id.[1] An allegation of ineffective assistance of counsel can excuse a procedural default, but only if the movant shows that counsel's representation fell below an objective standard of reasonableness and prejudiced the movant's defense. Owens v. United States, 483 F.3d 48, 63 (1st

---

[1] A showing of actual innocence can also excuse a procedural default, Bucci, 662 F.3d at 27 n.6, but this is not that kind of habeas case.

Cir. 2007). Brown has raised no such claim here, nor does it appear that counsel provided ineffective representation surrounding these issues.

Brown cannot meet the cause and prejudice standard for either of her sentencing-error claims. Her claims are arguments that the district court misapplied the sentencing guidelines (*i.e.*, the calculation of her criminal history and the enhancement for possessing a gun with an obliterated serial number.) Claims such as these, alleging errors in the application of the sentencing guidelines, are generally not cognizable under 28 U.S.C. § 2255 unless they allege jurisdictional or constitutional errors or errors that would otherwise result in a miscarriage of justice. Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994). "A nonconstitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances." Id. No exceptional circumstances are suggested in this record.

B.   *Ground Two – Sufficiency of the Evidence Challenge*

This claim relates to Brown's convictions under counts four and six of the indictment. Those counts charged that Brown carried and possessed a firearm in connection with a crime of violence and that Brown was a felon in possession of a firearm. A habeas petition is not a substitute for an appeal, Berthoff v. United States, 308 F.3d 124, 127 (1st Cir. 2002), and this claim, like the claim of sentencing error, is procedurally defaulted. Additionally, summary dismissal of a motion is permitted when the allegations are "vague, conclusory, or palpably incredible," even "if the record does not conclusively and expressly belie [the] claim." David v. United States, 134 F.3d 470, 478 (1st Cir. 1998) (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962)). It is appropriate to expect the petitioner to supply the court with salient details of her claim prior to permitting discovery or a hearing. Id.

Brown was in possession of a handgun at the time of her arrest. Brown, 669 F.3d at 14. Moreover, there was evidence at trial that Brown was a significant player in the conspiracy to thwart her arrest and that the conspiracy involved the use of guns, bombs and other weapons that Brown

3

knew were present on her property, even if she herself did not handle these weapons. Count four of the indictment alleged criminal liability under a theory derived from United States v. Pinkerton, 328 U.S. 640, 646 (1946), holding that so long as a partnership in crime continues, the partners act for each other in carrying forward specific acts. While Brown's § 2255 motion alleges that she had no knowledge regarding the "gathering of arms" (Amended Motion at 16), in reliance upon the testimony of Edward Brown, that sole allegation does not support vacating the conviction based upon the substantial evidence of the conduct of the defendants collectively involved in the conspiracy. Other than this reference to Edward Brown's testimony and her general conclusory statements about there being insufficient evidence to support certain factual findings such as that she ever purchased or financed the supplies for the compound, the lack of photos of her with any weapons, and her lack of involvement with the acquisition or use of tannerite, there is no solid challenge to the sufficiency of the evidence to support the convictions.

In fact, even the conclusory challenges that Brown does make appear directed at sentencing enhancements, not at the sufficiency of the underlying evidence to support a conviction under each of the counts. Brown references the sentencing transcripts, not the trial transcripts, in her amended motion. I conclude that she is actually claiming that the sentencing court erred in its judgment at the time it imposed sentence, not that the underlying convictions themselves were based on insufficient evidence. To the extent this ground relates to claims of sentencing error, it fails for the same reasons discussed earlier. So construed it amounts to a procedurally defaulted allegation of nonconstitutional sentencing error that does not present the kind of exceptional circumstances that might support habeas relief.

C.   *Ground Four – Consecutive Sentences Challenge*

I am somewhat baffled by Brown's fourth ground. The government's position is that Brown's substantive arguments all fail so there is no basis for reconsidering Mrs. Brown's sentence. (Response at 2, n.1, ECF No. 10.) Brown argues that because she received consecutive sentences, a

change in any one count could affect the sentence on the other counts. I agree with her general proposition, but because there is no legal basis presented that would vacate any single count, I conclude that ground four does not state a claim that would entitle her to any relief under § 2255.

## CONCLUSION

For the reasons stated above, I recommend that the court deny Elaine Brown relief under 28 U.S.C. § 2255, with prejudice, and dismiss the petition. I further recommend that a certificate of appealability should not issue in the event Elaine Brown files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 17, 2013  /s/ Margaret J. Kravchuk
U.S. Magistrate Judge